FILED

2023 Jul-05  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **DARIN WHITCHURCH, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  4:23-cv-00489-RDP** |
| | } | |
| **MICHAEL DANNY MULKEY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Defendants' Motion to Stay. (Doc. # 21). For the following reasons, the Motion is due to be granted.

## I.      Background

### A.      Allegations and Parties

This case arises from a dispute between Plaintiffs and their contractor, Defendant Michael Daniel Mulkey ("Danny Mulkey"), over the cost of construction of Plaintiffs' residence in Cedar Bluff, Alabama. (Doc. # 18). Plaintiffs allege that Defendants engaged in a scheme to overbill Plaintiffs for the construction of their residence by (1) falsely representing Danny Mulkey as an Alabama licensed contractor, (2) entering into an agreement to build Plaintiffs' residence in exchange for the cost of construction plus a ten percent fee, and then (3) falsifying invoices to inflate construction costs. (*Id.* at 1).

According to Plaintiffs, multiple Defendants were involved the alleged scheme. (*Id.* at 4). At the time Plaintiffs hired Danny Mulkey as their general contractor, he was doing business through two different corporations, both named Mulkey, Inc. (*Id.* at 2–5). One is a Georgia corporation ("Mulkey, Inc. of Georgia"), and the other is an Alabama corporation ("Mulkey, Inc.

of Alabama"). (*Id.*). Plaintiffs named Mulkey, Inc. of Georgia as a Defendant in this case, but not Mulkey, Inc. of Alabama. (*Id.*). According to Plaintiffs, Mulkey, Inc. of Alabama is a "shell corporation" with no employees or assets. (*Id.*).

Defendant D. Mulkey, L.L.C. is an Alabama limited liability company formed in 2020. (*Id.* at 4). Danny Mulkey is the Manager. (*Id.* at 5). Plaintiffs allege that monies they paid due to fraudulent invoices were "funneled" through D. Mulkey, L.L.C. (*Id.* at 4).

Plaintiffs also bring claims against Danny Mulkey's family members. Defendant Robin Mulkey is Danny Mulkey's wife and the CFO of Mulkey, Inc. of Georgia. (*Id.* at 4–5). Defendant Michael Daniel Mulkey, Jr. ("Daniel Mulkey") is Danny Mulkey's son. (*Id.*). He is the Secretary of Mulkey, Inc. of Georgia and an employee of D. Mulkey, L.L.C. (*Id.*). Defendant Sarah Mulkey is Danny Mulkey's daughter and an employee of Mulkey, Inc. of Georgia. (*Id.*). Plaintiffs contend that Defendants Robin, Daniel, and Sarah Mulkey participated in the alleged scheme by preparing fraudulent invoices and presenting them to customers. (*Id.* at 8–9).

Plaintiffs bring the following claims against all Defendants: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68; (2) Misrepresentation and Fraud; (3) Racketeering (Mail and Wire Fraud); (4) Deceptive Trade Practices; (5) Negligence Per Se; and (6) Unjust Enrichment. (*Id.* at 16–19).

On July 5, 2023, Defendants filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 29).

### B.    Parallel State Action

On March 18, 2021, over two years before the federal action was filed, Plaintiffs filed a case in the Circuit Court of Cherokee County, Alabama. *Whitchurch v. Mulkey*, No. CV-2021-9000020.00 (the "State Action"). Plaintiffs' claims in the State Action arise from the same facts

and circumstances alleged in Plaintiffs' federal complaint—namely, the alleged scheme to overbill Plaintiffs for the construction of their residence. (St. Doc. # 28).[1] Plaintiffs assert the following claims in the State Action: (1) Impersonating a licensed contractor in violation of Alabama Code § 34-8-1 and § 34-8-6; (2) Engaging in the business of general contracting in Alabama without a license in violation of Alabama Code § 34-14A-14; (3) Fraud; (4) Negligence; (5) Willful and Wanton Conduct; (6) Violation of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-10;  and (7) Violation of RICO. (*Id.*); (St. Doc. # 519).

The only defendants in the State Action are Mulkey, Inc. of Alabama and Danny Mulkey. Plaintiffs moved to amend their state complaint to add Mulkey, Inc. of Georgia as a defendant, as well as Robin, Daniel, and Sarah Mulkey, but for some reason that cannot be discerned the state court denied Plaintiffs' motions. (Doc. # 21-2). Plaintiffs then filed a Petition for Writ of Mandamus with the Alabama Supreme Court challenging the denial of leave to amend their complaint, as well as other orders. (Doc. # 21-4). That Petition is currently pending.

Currently, the State Action is set for trial on August 7, 2023. (Doc. # 21).

## II.  Discussion

Defendants moved to stay discovery in this case pending resolution of (1) the trial in the State Action and (2) the Motion to Dismiss (Doc. # 29). (Doc. # 21). For the following reasons, the court finds that the Motion to Stay is due to be granted.

First, a stay is appropriate in light of the pending Motion to Dismiss for failure to state a claim under Rule 12(b)(6). (Doc. # 29). It is well established that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123

---

[1] The court refers to documents in the instant federal action as "Doc." and documents in the State Action as "St. Doc."

F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). This is because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* Thus, "neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.* Therefore, allowing discovery in this case prior to resolution of Defendants' Motion to Dismiss would do "nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.* at 1368.

Furthermore, principles of "wise judicial administration" support staying this case pending the outcome of the trial in the State Action. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, a pending action in state court does not bar proceedings concerning the same matter in federal court. *Baker v. Warner/Chappell Music, Inc.*, 759 F. App'x 760, 762 (11th Cir. 2018). However, in *Colorado River*, "the Supreme Court acknowledged that federal courts could abstain from exercising otherwise-proper jurisdiction in certain extraordinary circumstances[.]" *Id.* But, these circumstances are rare due to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.

As a threshold matter, the *Colorado River* doctrine only applies when federal and state proceedings involve "substantially the same parties and substantially the same issues." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004). Here, both the federal and state actions arise from Plaintiffs' allegations that Danny Mulkey misrepresented himself as an Alabama licensed contractor and overbilled Plaintiffs for the construction of their residence in Cedar Bluff, Alabama. And, Plaintiffs bring substantially the same causes of action in both cases.

The only real difference between the two cases is that the federal action involves additional Defendants. However, the additional Defendants in the federal case are either entities controlled by Danny Mulkey or employees of those entities. Therefore, although the federal and state proceedings are not identical, they  involve "substantially the same parties and substantially the same issues." *Id.* at 1330–31 (rejecting the argument that *Colorado River* abstention is permissible only when the proceedings involve identical parties and claims).

When a court determines that parallel state and federal proceedings are substantially the same, the court must then analyze the propriety of *Colorado River* abstention by weighing several factors: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the fora obtained jurisdiction; (5) whether state or federal law will be applied; (6) the adequacy of the state court to protect the parties' rights; (7) the vexatious or reactive nature of either the federal or the state litigation; and (8) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention. *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021). This list is not exhaustive, and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

In this case, the first two factors are neutral. Neither this court nor the state court have assumed jurisdiction over property, and both courts are in Alabama, so neither is more or less convenient than the other.

However, the third factor weighs strongly in favor of abstention because the potential for piecemeal litigation is significant. Because the two actions involve substantially the same claims and factual allegations, a verdict in the State Action would likely have preclusive effects on

5

Plaintiffs' claims against Defendant Danny Mulkey. Moreover, if Plaintiffs' Petition for Writ of Mandamus is granted, additional Defendants may be added in the State Action, such as Mulkey, Inc. of Georgia or Robin, Daniel, or Sarah Mulkey. A verdict against any of these Defendants could also have preclusive effects on Plaintiffs' federal claims. Given that the State Action is set for trial in little more than a month from now, it would be inefficient to proceed with discovery on claims that may be precluded by a verdict in the upcoming trial.

The fourth factor also supports a stay of this action because the state court obtained jurisdiction over this dispute more than two years before this court did. (Docs. # 1; 21-1). The State Action has proceeded through discovery and is set for trial in August, whereas this case is still at the pleadings stage. (Doc. # 21-3). Indeed, even if this action proceeded at a "normal" pace, this case would not be resolved prior to the state trial, which is scheduled a little over a month away. Therefore, because the State Action has progressed significantly farther than the federal proceedings, this factor favors abstention. *See Moses*, 460 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.").

The fifth factor, whether state or federal law applies, may favor exercising jurisdiction because this case involves a RICO claim, and generally "the presence of federal-law issues must always be a major consideration weighing against surrender." *Id.* at 26. But here, Plaintiffs bring claims arising under federal law in the State Action (not just in this case) and other claims under Alabama statutory and common law in this court (as well as in the State Action). This leads to court to the conclusion that this factor must be analyzed alongside the sixth factor, which involves an inquiry into the adequacy of the state court to protect the parties' rights. Application of the sixth factor weighs in favor of abstention. Although this matter involves federal RICO claims, the law

is clear that state courts have concurrent jurisdiction over civil RICO claims. *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). Therefore, as the state court also has before it a RICO claim, it is just as capable of adjudicating Plaintiffs' claims as this court is.

The seventh factor, the vexatious or reactive nature of the proceedings, weighs in favor of staying this case. It appears that Plaintiffs filed their federal complaint in reaction to the state court's refusal to allow the addition of Mulkey, Inc., Robin Mulkey, Daniel Mulkey, and Sarah Mulkey as party-defendants in the State Action. (Docs # 21; 27). Moreover, Plaintiffs filed a Petition for a Writ of Mandamus challenging the state court's decision, which is still pending. (Doc. # 21-4). Under these circumstances, this court is wary of allowing Plaintiffs to employ their federal action as a vehicle for overturing unfavorable rulings in the State Action.

Finally, this matter does not involve a federal statute that evinces a policy favoring abstention, and therefore the eighth factor is neutral.

In conclusion, a stay is appropriate in this action under the *Colorado River* doctrine because there is a significant risk of piecemeal litigation, the state court obtained jurisdiction over this dispute more than two years before this court did, the state court has concurrent jurisdiction over all of Plaintiffs' claims, and Plaintiffs filed the federal action in response to unfavorable rulings in the State Action. *Colorado River*, 424 U.S. at 818; *Gold-Fogel*, 16 F.4th at 800.

## III.   Conclusion

For the reasons explained above, Defendants' Motion to Stay (Doc. # 21) is due to be granted. And, because it is appropriate for this court to stay this case pending the outcome of the State Action, it also is proper for the court to administratively terminate the Motion to Dismiss. (Doc. # 29). A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this July 5, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE