## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| DARIN WHITCHURCH & JULIE WHITCHURCH, | } } } | |
| Plaintiffs, | } } | |
| v. | } } | Case No.:  4:23-cv-00489-RDP |
| MICHAEL DANNY MULKEY et al., | } } | |
| Defendants. | } } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiffs' Rule 59(e) Motion. (Doc. # 71). Plaintiffs'

Motion asks the court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to reconsider

its Order (Doc. # 70) granting Defendants' Motion to Dismiss (Doc. # 56) and denying Plaintiffs'

Motion for Leave to Supplement & Amend Complaint (Doc. # 54). As discussed below, Plaintiffs'

Motion (Doc. # 71) is due to be denied.

## I.    Standard of Review

Rule 59 allows a party to move to alter or amend a judgment in a civil case. Fed. R. Civ.

P. 59(e); *Serrano v. United States*, 411 F. App'x. 253, 254 (11th Cir. 2011). It is not a rule that

permits a party to seek a Mulligan or simply repackage arguments already made and previously

rejected. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The moving

party must do more than merely ask the court for a reevaluation of an unfavorable ruling. "A Rule

59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could

have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.

2007), *cert. denied*, 552 U.S. 1040 (internal citations and quotations omitted). "The only grounds

for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."

*In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "Manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes Co. v. SKF USA, Inc.*, 2022 WL 1082395, at *1 (N.D. Ala. Feb. 1, 2022) (quoting *Barcliff, LLC v. M/V Deep Blue, IMO No. 9215359*, 2016 WL 10894490, at *9 (S.D. Ala. Dec. 20, 2016)). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly" to foster "the interests of finality and conservation of scarce judicial resources." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).

## II.    Analysis

Plaintiffs brought this action alleging that Defendants engaged in a scheme to overbill Plaintiffs for the construction of their residence by (1) falsely representing that Mulkey was an Alabama licensed contractor, (2) entering into an agreement to build Plaintiffs' residence in exchange for the cost of construction plus a ten percent fee, and then (3) falsifying invoices to inflate construction costs. (Doc. # 18 at 1). They asserted the following claims against all Defendants: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68; (2) Misrepresentation and Fraud; (3) Deceptive Trade Practices; (4) Neglect Per Se; and (5) Unjust Enrichment. (*Id.* at 16-19).

This case was originally filed in federal court on April 14, 2023. (Doc. # 1). On July 5, 2023, the court stayed this case because Plaintiffs had also previously filed a parallel state action in the Circuit Court of Cherokee County, Alabama. *Whitchurch v. Mulkey*, No. CV-2021-9000020.00. The state case proceeded to a jury trial. At the conclusion of Plaintiffs' state jury trial on August 9, 2023, the jury rendered a verdict in favor of Defendants on the issues of Wantonness, Fraud, Negligence, and Conversion. (*See* Docs. # 57-5; 57-6). On November 22, 2024, after the

state action had concluded and the period for appealing the jury verdict and judgment in the state case had passed, the court lifted the stay in this federal case. (Doc. # 53).

Defendants moved to dismiss the claims asserted against them in this case. (Doc. # 56). Plaintiffs moved for leave to supplement and amend their Complaint (Doc. # 54), seeking to add four new claims against four new Defendants.

The court found that Plaintiffs' proposed amendments to their claims against the *existing* Defendants were futile considering the effects of collateral estoppel and res judicata. (*See* Doc. # 69 at 9-21). The court also found that Defendants' Motion to Dismiss was due to be granted because the proposed amendments failed to state a claim. (*Id.* at 21-27). Finally, the court declined to permit Plaintiffs to supplement their Complaint under Rule 15(d) because there was no logical relationship or nucleus of operative facts between the original claims and the claims sought to be added by supplement. (*Id.* at 28-31). Plaintiffs were (and still are) free to file a separate action to pursue those new claims against new parties.

Plaintiffs now ask the court to reconsider its ruling, arguing that there were "clear errors in applying the Federal Rules of Civil Procedure and discretional abuse." (Doc. # 71 at 1). They are wrong. The court addresses Plaintiffs' arguments below.

## A.    Motion for Leave to Amend Complaint

Plaintiffs challenge the court's conclusion that amending their claims against existing Defendants would be futile considering the effects of collateral estoppel and res judicata. (*Id.* at 1-8). Specifically, they argue that (1) none of the state orders were appealable final judgments, (2) Plaintiffs "were not afforded a full and fair opportunity to litigate their claims in the state court action," and (3) there was no judgment on the merits. (*Id.* at 1-2). The court considers each of these points, in turn.

### i.     Whether the State Orders Were Appealable Final Judgments

Plaintiffs have already argued this point to the court (Doc. # 68 at 10, 12-13 & n.2), and the court directly addressed it in its Memorandum Opinion. In doing so, the court concluded that after the jury verdict there was a dismissal on the merits that is a final judgment, that Plaintiffs have never alleged that they presented any response to the state court's order regarding the dismissal of the unlicensed contractor claim, and that the Alabama Deceptive Trade Practices Act claim was the "same claim" (at least for res judicata purposes) as the fraud and conversion claims. (Doc. # 69 at 14-15).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d at 1119. Plaintiffs present no newly-discovered evidence in their Motion, citing only facts from the state court record that (1) were known to the court when it dismissed this case and (2) do not support reconsideration. (*See* Doc. # 71 at 2-5). Plaintiffs also have not pointed to any manifest errors of law or fact. Indeed, Plaintiffs do not challenge the court's reliance on *Formby v. Farmers & Merchs. Bank*, 904 F.2d 627, 630 (11th Cir. 1990) to hold that a court's entry of a jury verdict is a final judgment. (Doc. # 69 at 14).

Rather, Plaintiffs merely disagree with the court's application of the law to the state court record, arguing that the court made an illogical leap by assuming that the state court had dismissed the unlicensed contractor claim after Plaintiffs did not respond to the court's order warning of dismissal. This is a repetition of Plaintiffs' earlier arguments and does not demonstrate how the court committed any errors of law or fact – much less manifest errors. Upon reconsideration, the court again concludes that this was the correct conclusion – the state court explicitly warned that absent further briefing there would be a dismissal, and there was no further briefing. Therefore, the court correctly concluded that this claim was subject to a final judgment on the merits.

Plaintiffs also accuse this court of waiting an unreasonably long amount of time after the conclusion of the state action before lifting the stay in this federal case. As an initial matter, the court notes that this argument either concedes that the state case had reached a final judgment or, at a minimum, muddies that water. The court's Memorandum Opinion explaining its reasons for staying the case stated: "it is appropriate for this court to stay this case pending the *outcome* of the State Action." (Doc. # 31 at 7) (emphasis added). Therefore, any reasonable request to lift the stay would necessarily suggest that the State Action had actually reached a final outcome.

Plaintiffs, however, seem to be attempting to eat their cake and have it too. Their requests to lift the stay stated that, "[t]he State Action has ended and there is a verdict," (Doc. # 46 at 3), and "[t]he state court trial concluded," (Doc. # 49 at 2). Even their pending Motion (Doc. # 71) concedes that "the state court action ended, for all purposes, in January of 2024." (*Id.* at 8). Plaintiffs cannot characterize the judgment in the state case as final for certain purposes (lifting the stay) and as non-final for others (preclusion). This is, of course, merely an additional point overlaying the more foundational finding that all of Plaintiffs' claims in the state action unquestionably had reached a final judgment.

## ii. Whether Plaintiffs had a Fair and Full Opportunity to Litigate and Whether the Judgment was on the Merits

Plaintiffs also argue that alleged due process violations during the state action prevented them from having a fair and full opportunity to litigate and prove that the prior judgment was not on the merits. (*See* Doc. # 71 at 5-6). This contention is also not new, as Plaintiffs made this same argument in their Response to the Show Cause Order. (Doc. # 68 at 19-22). As before, the court rejects it.

First, Plaintiffs assert that because Defendants did not respond to this argument, the court must accept as undisputed that the proceedings before the state court were "unfair and corrupt."

(Doc. # 71 at 5-6). This assertion is way off the mark. The court is not an automaton. Simply because a movant does not respond to each point raised in opposition to their motion to dismiss does not mean that the court must take those points as established. Rather, the court again concludes that it correctly evaluated this argument on its merits. Further, it is emphatically the court's role to decide issues. It is of no moment that the parties make or miss arguments if the law is otherwise clear. Plaintiffs have not offered any reason to conclude that the court incorrectly evaluated the preclusion issues. That is, in seeking reconsideration, Plaintiffs point to no newly discovered evidence, nor do they point to any specific (let alone manifest) error of law or fact. At this point, the Rule 59 stage, it is Plaintiffs' burden to show why the court should reconsider its earlier dismissal. Plaintiffs have not carried their burden by presenting valid arguments (with appropriate citations to legal authority) that this point was "undisputed" and that "[i]t would be a clear error of law to apply the doctrine of res judicata or collateral estoppel . . . ." (*Id.* at 6). Indeed, just the opposite is the case.

Second, Plaintiffs argue that there was no judgment on the merits because "the jury was unable to evaluate the plaintiffs' evidence which was stolen/taken, from the court reporter's custody, on the last day of the trial." (*Id.*). They also explain that "[o]n the merits means the court fully evaluated the argument & evidence presented by both parties before reaching a conclusion on the legal dispute." (*Id.*). This constitutes the entirety of Plaintiffs' argument on this point. It is wholly insufficient for them to carry their burden under Rule 59. They cite no law, nor any evidence before the court, to support these bald assertions. And upon reconsideration, the court again concludes that there was a judgment on the merits in this case after the jury's verdict. Plaintiffs cannot now skirt that final unfavorable outcome by claiming, without any evidence or case law support, that the trial was unfair.

Of course, even assuming arguendo that there was no final judgment in the state court action, Plaintiffs can make all these arguments in the state court or on appeal to the Alabama appellate courts after a judgment is entered. Further, it is worth emphasizing that Plaintiffs had the opportunity to make these exact arguments in the state court and had a full and fair opportunity to assert their claims of state court fraud in their petition for a writ of mandamus to the Supreme Court of Alabama. (Doc. # 21-4). Plaintiffs are attempting to relitigate fraud claims that they have already brought (or could have brought) before the highest state court in Alabama. They have not cited any legal basis for this court to reconsider the Supreme Court of Alabama's decision not to issue a writ of mandamus, nor do they allege that there was anything unfair about those proceedings.

It is not lost on the court that Plaintiffs contend that the state court, the defense lawyers, the court reporter, and others acted unethically in conducting the litigation and trial of their claims filed in the state court. They are also now raising subtle suggestions that they have been treated unfairly here. This is not Julie Whitchurch's first (or second) rodeo when it comes to accusing a judge of impropriety. By all appearances, Julie Whitchurch and a co-defendant have previously accused a United States District Court judge in the Eastern District of Pennsylvania of engaging in "improper ex parte communications with counsel for the plaintiffs." *In re Whitchurch*, 639 F. App'x 772, 774 (3rd Cir. 2016) (per curiam). The Third Circuit denied her petition for a writ of mandamus, finding that the record did not support her accusation. *Id*. at 775. Nor is this the first time Whitchurch has claimed to be the victim of fraud in court proceedings. After she was sanctioned by Judge Bartle in the Eastern District of Pennsylvania proceedings, the opposing party sought to register that judgment in the Northern District of Georgia. *Vizant Techs., LLC v. Whitchurch*, 2016 WL 11570997 (N.D. Ga. 2016). Whitchurch tried to relitigate in the Georgia

federal court the issues decided by Judge Bartle, arguing that preclusion did not bar her attempts to do so because opposing counsel had conspired to tamper with evidence and deny her due process. As it turns out, over the years, the playbook has not changed.

For all these reasons, Plaintiffs have not established that they merit an alteration or amendment of judgment on this ground.

### B.    Motion for Leave to Supplement Complaint

Plaintiffs also argue that the court's rejection of their motion to supplement their Complaint was "an abuse of the court[']s discretion" because both Plaintiffs and Defendants agreed that "the additional civil rights claims and RICO predicate acts . . . 'arise out of the same facts and circumstances' as those in the state court action and/or some question of law or fact is common to all parties and proposed additional defendants." (Doc. # 71 at 7-8). Upon reconsideration of the court's ruling denying leave to supplement, the court again concludes that it was correct.

Plaintiffs suggest that because there is some purported agreement between parties on an issue the court must accept it as established. They are mistaken. The court certainly reviews the briefing of the parties on issues, but the parties do not dictate to the court what the law is simply by some purported agreement on a question. Indeed, the court considered this specific question in depth, and analyzed how the requirement that a supplement be "'related to the claims in the original complaint[]' . . . stems from the interplay between Rule 15(d) and Rule 20(a)(2) for permissive joinder of defendants." (Doc. # 69 at 28) (quoting *Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1330 (N.D. Ala. 2005)). And, the court (rightly) concluded that the four proposed new claims of obstruction, witness tampering, destruction and fabrication of evidence, and civil rights violations did not share a nucleus of operative facts with any claims in the operative Complaint. Specifically, while the claims in the operative Complaint related to the residential

8

construction on Plaintiffs' home, the proposed new claims related to alleged conduct in the state trial. (*Id.* at 29). Plaintiffs offer no legal authority to undermine this reasoning, and therefore have not carried their burden under Rule 59.

Plaintiffs separately address the court's recognition of the "late date" of their motion to supplement their Complaint. (Doc. # 71 at 8). They appear to accuse the court of delay ("the state court action ended, for all purposes, in January of 2024, despite that, and the plaintiffs' request the court lift the stay, the court did not do so until November of 2024" (*id.*)), but do not draw any conclusion from this observation. They next highlight that "mere passage of time, without anything more, is an insufficient reason to deny leave to amend." (*Id.* (quoting *Floyd v. Easter Lines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989)). But, the quote is taken from a case addressing a motion for leave to *amend*, not a motion for leave to *supplement*. Even applying that legal principle to a motion to supplement, the court did not deny leave solely due to passage of time. As discussed above, the new claims are not appropriate for permissive joinder under Rule 20 (and thus under Rule 15(d)) because they were not sufficiently related to the claims of the operative Complaint.

**C.    Motion to Dismiss**

Plaintiffs argue that the court's dismissal was an error of law because in granting the Motion to Dismiss (Doc. # 56) the court considered "matters outside the complaint." (Doc. # 71 at 9). They point to the court's statement at the beginning of its Memorandum Opinion: "These Motions have been fully briefed and are ripe for a decision. (*See* Docs. # 54, 62, 68, 56, 57, 67)." (*Id.* (citing Doc. # 69 at 1)). Therefore, Plaintiffs conclude that this motion to dismiss should have been converted to a motion for summary judgment.[1] Plaintiffs misconstrue the law when they

---

[1] This progression borders on incoherent and would produce a bizarre result – that a party could convert any motion to dismiss to a motion for summary judgment simply by alluding to matters outside of the four corners of a complaint.

argue that reviewing the briefing on pending motions is equivalent to reviewing matters beyond the "four corners of the complaint." (*Id.* (quoting *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008))). This argument is therefore meritless.

The quote from *Austin* refers to evidentiary matters that are beyond a complaint, not to briefing presented as part of motions practice. To the extent that Plaintiffs challenge the fact that the court relied on the state court record to conduct its preclusion analysis, there are several exceptions to the four corners rule, including when courts conduct preclusion analysis, *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010), and when courts "consider documents that are part of the public record such as documents filed in this Court or others." *Ritter v. Short Hills Aviation Serv's, Inc.*, 2020 WL 13567933, at *2 (S.D. Fla. Apr. 14, 2020).

Plaintiffs also argue that "it would be judicial abuse to dismiss the complaint" based on noncompliance with Rule 9(b). (Doc. # 71 at 10-11). This is because, they argue, this is the first notice they have received of this deficiency in their Complaint, and the court did not consider the amendments and supplements to the Complaint in dismissing the RICO claims. (*Id.* at 11). Plaintiffs conclude that because they are pro se, they should be given "at least one chance to amend" before dismissal. (*Id.* (citing *Bank v. Pitt* 928 F.2d 1108, 1112 (11th Cir. 1991))).

After careful consideration, the court concludes that each of these arguments is without merit. First, Plaintiffs cite no authority requiring that the court give them notice of deficiencies before dismissing a complaint. And even if they had, Plaintiffs had notice from the Defendants' Motion to Dismiss, which listed a failure to plead under Rule 9(b) as a ground for dismissal. (Doc. # 57 at 13). Plaintiffs also had the opportunity to respond to this argument. (Doc. # 67). Second, the court explicitly considered the proposed amended Complaint as well as the operative Complaint when concluding that even with the Complaint's amendments the RICO claim was

insufficiently pleaded. (Doc. # 69 at 21-27 (discussing and citing both Doc. # 18 and Doc. # 54-1 for each applicable RICO allegation)). Third, Plaintiffs have already had the opportunity to amend their Complaint once. (*Compare* Doc. # 1 *with* Doc. # 18). Permitting any further amendment here would be futile because the proposed amended Complaint (Doc. # 54-1) would still be subject to dismissal.

## III.  Conclusion

For the above reasons, Plaintiffs have not carried their burden under Rule 59 of showing adequate grounds for altering or amending the court's judgment. The court therefore **DENIES** Plaintiffs' Rule 59(e) Motion. (Doc. # 71).

**DONE** and **ORDERED** this March 14, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE